RECEIVED
USDC CLERK, CHARLESTON, SC

2005 AUG 16  P 1: 50

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Dale McCoy;<br>Herbert McCoy;<br>Charles Maxfield;<br>Michael Davis;<br>Ernest A. Larch;<br>Tony LaCarter;<br>K. Sarayn Kollyns;<br>James Hughes;<br>Terry Maness;<br>Johnny Carrigg;<br>Robert Cogdill;<br>Boyd Dean;<br>Michael Miller;<br>Timothy Farmer;<br>Eddie Hayes;<br>James Price;<br>Clifford Thompson;<br>Charles Finley; and<br>Frank G. Cooper, Sr.,<br><br>Plaintiffs,<br><br>vs.<br><br>Mr. George Ginotoli, Director, South Carolina Department of Mental Health;<br>Mr. John Connery, South Carolina Department of Mental Health;<br>Mr. Jonathan Ozmint, Director, South Carolina Department of Corrections,<br><br>Defendant(s). | ) C/A No. 2:05-2231-TLW-RSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Order<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The above-captioned case is a civil rights action filed by nineteen (19) persons confined in the South Carolina Department of Mental Health.

The question of whether multiple plaintiffs can proceed in a single case under the Prison Litigation Reform Act (PLRA) or other statutes has recently required the attention of various federal courts. *See* Burke v. Helman, 208 F.R.D. 246 (C.D.Cal. 2002)(collecting cases). In Hubbard v. Haley, 262 F.3d 1194, 50

1

Fed.R.Serv. 895 (11th Cir. 2001), *cert. denied*, Hubbard v. Hopper, 70 U.S.L.W. 3515, 151 L.Ed.2d 983, 122 S.Ct. 1083 (2002), the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal. Even so, it is not even clear whether the PLRA applies to the plaintiffs, each of whom is apparently a former SCDC inmate currently kept involuntarily in the South Carolina Department of Mental Health.

Two circuit courts have found that the PLRA does not apply to persons civilly committed under various SVP Acts. See Troville v. Venz, 303 F. 3d 1356 (11th Cir. 2002); Page v. Torrey, 201 F. 3d 1136 (9th Cir. 2000). Although the Fourth Circuit has not yet addressed the issue, the trend in South Carolina state courts, and in this Court, has been to treat commitment of a sexually violent predator as non-punitive. Persons in the BDTP facility have thus proceeded *in forma pauperis*. See Smith v. Gaston, 2:04-23241--HMH-RSC (D.S.C. 2004).

Whether or not this case proceeds under the PLRA, it is clear that each plaintiff's claims are unique to the particular plaintiff. In fact, damages, if awarded, may need to be determined individually. Moreover, the lead plaintiffs cannot "represent" the other prisoners at the South Carolina Department of Mental Health and cannot bring suit on their behalf. *See* Laird v. Tatum, 408 U.S. 1 (1972). *See also* Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); and Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant). *See also* Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). *Cf.* Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991). Finally, each plaintiff must be notified separately of court documents, order, and deadlines. *See* Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

As a result, the court concludes that each plaintiff's claims will require individualized determinations. Accordingly, the Clerk of Court is directed to assign separate civil action numbers to the other plaintiffs whose signatures appear on the signature pages of the complaint. The Clerk of Court may leave Roger Dale McCoy as the sole plaintiff in the above-captioned case. After docketing this order, the Office of the Clerk of Court shall terminate the eighteen other plaintiffs as parties in this case, since each of the eighteen will have their own civil action number.

The defendants in the eighteen new cases will, of course, be the three defendants in the above-captioned case. The Clerk of Court is authorized to re-file the complaint and this order from the above-captioned case in the eighteen new cases and to process the eighteen new cases as new civil rights cases. When docketing the other eighteen cases, the docket clerk shall docket the order as the first entry and the copy of the complaint filed in the above civil action, as the second entry. The Clerk of Court or his assigned deputy is authorized to determine the most efficient way and time for assigning case numbers, and entering the new case numbers, party information, and pleading information on the court's electronic docketing system and image retrieval system.

Since all plaintiffs will have the benefit of the "prison mailbox rule" of Houston v. Lack, 487 U.S.

266, 101 L.Ed 2d 245, 108 S.Ct. 2379 (1988), the formal filing date of the pleadings in the eighteen new cases need not be the filing date of the complaint in the above-captioned matter. (Civil Action No. 2:05-2231-TLW-RSC). The Houston v. Lack "delivery date" in the above-captioned case appears to be August 3, 2005.

If any of the eighteen other plaintiffs, hereafter, files a response under the docket number for the above-captioned case, the Clerk of Court is directed not to docket the response in the above-captioned case, but should docket the response in each plaintiff's particular case.

The Clerk of Court may file the pleadings in the above-captioned case as of the date they were received for docketing.[1] The motion to proceed *in forma pauperis* filed by plaintiff Roger Dale McCoy is **granted**. DeBlasio v. Gilmore, 315 F.3d 396, 398-399 (4th Cir. 2003).

IT IS SO ORDERED.

Robert S. Carr
United States Magistrate Judge

August 16, 2005
Charleston, South Carolina

---

[1] The "date received for docketing" means the date that the pleadings were received at the case manager's or docket clerk's work station, and, hence, does *not* mean the date that the pleadings were sent to the Clerk for assignment or the date the pleadings were placed in the transmittal bags for delivery to a divisional office.